***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Garner, along with the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms, with some modification, the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing on 29 January 1999 as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. Travelers Insurance Company is the carrier on the risk.
4. The plaintiff's average weekly wage is $995.00 which is sufficient to generate the maximum compensation rate for 1998.
 ***********
Based upon all the evidence adduced from the record, the Full Commission makes the following additional:
 FINDINGS OF FACTS
1. The plaintiff was hired as a Copy Editor by employer-defendant in October 1986.
2. On March 5, 1998, the plaintiff was diagnosed with mild bilateral carpal tunnel syndrome.
3. The plaintiff alleges that she developed this carpal tunnel syndrome as the result of repetitive motion in her employment with employer-defendant.
4. The plaintiff was treated by Dr. Pamela Whitney from February 23, 1998, through June 18, 1998, before being referred to Dr. Wallace Andrew.
5. The plaintiff was examined on two occasions by Dr. Andrew, who concluded on August 26, 1998 that surgical intervention was not warranted.
6. The plaintiff has missed only one day from work as a result of her bilateral carpal tunnel syndrome.
7. The plaintiff, in addition to testifying that she was experiencing pain in both of her hands which she attributed to her employment, offered the testimony of a medical expert, Dr. Pamela Whitney, who concluded by deposition that the plaintiff's carpal tunnel syndrome was the direct result of her work as an editor with the defendant-employer.
8. The plaintiff's work for defendant-employer placed her at an increased risk of contracting carpal tunnel syndrome compared to the general public not so employed.
9. Although the plaintiff was not represented by counsel, she did, however, conduct a deposition of Dr. Pamela Whitney along with defense counsel. Dr. Whitney's testimony was that in her medical opinion, the plaintiff's employment directly caused the plaintiff's carpal tunnel syndrome. Although the plaintiff did not ask the exact questions as a trained attorney would have asked, she did inquire well enough to establish a causal connection through the testimony of Dr. Whitney. Therefore, the plaintiff has carried the burden of proof as to establishing a causal relationship between her employment and her carpal tunnel syndrome.
10. The plaintiff has lost no time from work except a day here and a day there. She is claiming no lost time.
11. Defendants appealed the Deputy Commissioner's Opinion and Award and the Full Commission affirmed said opinion.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following
 CONCLUSIONS OF LAW
1. The plaintiff did sustain an occupational disease arising out of and in the course of her employment and her carpal tunnel syndrome is the direct result of said occupational disease associated with her employment. N.C.G.S. § 97-53(13).
2. The plaintiff has established that her carpal tunnel syndrome is the direct result of her employment and the evidence establishes that her carpal tunnel syndrome is compensable based on the testimony of Dr. Whitney. Accordingly, the plaintiff has contracted an occupational disease. N.C.G.S. § 97-53(13).
3. Because the plaintiff lost no time from work at this point, there is no issue of temporary total disability benefits pursuant to G.S. § 97-29.
4. The plaintiff is entitled to medical compensation as a result of her compensable occupational disease. N.C.G.S. § 97-25.
5. Defendant appealed the Deputy Commissioner's Opinion and Award, and the Full Commission affirmed said opinion. In the discretion of the Full Commission, counsel for the plaintiff is entitled to have defendants pay an attorney's fee in the amount of $1,500.00. N.C.G.S. § 97-88.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. The plaintiff's claim for workers' compensation benefits is hereby APPROVED.
2. Defendants shall pay all medical expenses incurred by the plaintiff as result of the compensable occupational disease.
3. There is no issue of temporary total disability benefits at this time.
4. Defendants shall pay to counsel for the plaintiff an attorney's fee in the amount of $1,500 for defending this matter on appeal to the Full Commission.
5. Defendants shall pay the costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________________ THOMAS JEFFERSON BOLCH COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER